UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANA MARIA ALICIA MARTINEZ,

        Plaintiff,

v.                                                     Case No. 19-cv-782-pp

CLERK OF COURT FOR THE
U.S. DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN,

        Defendant.

---

**ORDER ADOPTING JUDGE JOSEPH'S RECOMMENDATION (DKT. NO. 5) AND DISMISSING THE CASE FOR FAILURE TO STATE A CLAIM**

---

On May 24, 2019, Ana Maria Alicia Martinez, representing herself, filed a complaint against the Clerk of Court for the U.S. District Court for the Eastern District of Wisconsin. Dkt. No. 1. On June 3, 2019 Magistrate Judge Nancy Joseph denied the plaintiff's motion to proceed without prepaying filing fee and recommended that this court dismiss the complaint for failure to state a claim upon which relief may be granted and the inability of an amendment to cure those defects. Dkt. No. 4-5. The plaintiff did not pay the filling fee or file an objection to Judge Joseph's recommendation.

Under Federal Rule of Civil Procedure 72(b), if a party does not object to a magistrate judge's report and recommendation, the district court reviews the recommendation for clear error. Fed. R. Civ. P. 72(b); Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999) (citations omitted). This court must

1

decide only whether Judge Joseph's report and recommendation are clearly erroneous. The court concludes that they are not.

The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. §1915(e)(2)(B)(ii) are the same as those for reviewing dismissal under Federal Rules of Civil Procedure 12(b)(6). See DeWalt v. Carter, 224 F.3d 607, 611-12 (7th Cir. 2000). To state a claim, a complaint must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. Dewalt, 224 F.3d at 612. The complaint need not plead specific facts and need only provide "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

Judge Joseph denied the plaintiff's request to proceed without prepaying the filing fee. She issued that order on June 3, 2019; almost three months have passed and the defendant has not paid the $400 filing fee. That, alone, is a reason for the court to dismiss the complaint.

Even if the plaintiff had paid the filing fee, however, her complaint does not state a claim for which a federal court can grant relief. The only defendant the plaintiff listed in the caption of her complaint is the clerk of court for the

Eastern District of Wisconsin. Dkt. No. 1 at 1. In the body of the complaint, however, where she describes the "who, what, when, where and why" of her claim, she does not mention the clerk of court. She does not allege that the clerk of court did anything to her, or failed to do anything for her that the clerk was required to do. Even if the plaintiff had alleged that the clerk did something, or didn't do something, in the performance of his duties, the clerk would be entitled to absolute immunity from suit. Wickstrom v. Ebert, 585 F. Supp. 924, 934-35. (E.D. Wis. 1984).

The plaintiff marked the box on page 4 of the complaint that indicated that she was suing for a violation of federal law under 28 U.S.C. §1331. Dkt. No. 1 at 4. The only reference in the complaint to any federal law is the presence of the initials "ADA" in the margin on page 4, after the words, "Im just trying to get to the right doctors on time HA!." Id. The plaintiff describes getting sick from a flu shot she received from "SC Johnson and all their incest, creepy medical man." Id. at 2. She says that she has seen many doctors, received two degrees, pays federal loans and volunteers a great deal to help people. Id. at 3. She mentions discrimination, racism, binary code, World War II, artificial intelligence, anti-terrorism, harassment and witness protection. She attached to the compliant the court's "Guide to Filing Non-Prisoner Complaints Without a Lawyer" which contains handwritten notes, such as "State of California," "State of Washington," "Jacksonville, Florida," "undetaining humans," "United Nations Brussels, Belgium" and "P.S. They killed my Lithuanian grandfather." Dkt. No. 1-1 at 1-3. Neither the complaint nor the attachment explain why the

3

plaintiff filed this complaint. The plaintiff does not explain what she believes the clerk of court did to her, when he did it, where he did it or why he did it. She does not allege that *anyone* did anything to her other than to say that "SC Johnson" gave her a flu shot. There is no federal law that prohibits a private company from giving someone a flu shot. Because the complaint does not state a claim for which a federal court can grant relief, the court must dismiss the lawsuit.

The court **ADOPTS** Judge Joesph's recommendation that this court dismiss the case for failure to state a claim. Dkt. No. 5.

The court **ORDERS** that this case is **DISMISSED**.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing a notice of appeal in this court within **thirty (30)** days of the entry of judgment. See Fed. R. of App P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Dated in Milwaukee, Wisconsin this 28th day of August, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**